Herod et al. *v.* Bartley.

---

Thomas G. S. Herod et al., Appellants, *v.* Milton Bartley, Administrator, &c. Appellee.

### APPEAL FROM GALLATIN.

In the sale of personal property on execution, the property itself must be present, or the sale will be void.

This cause was heard before S. S. Marshall, Judge, at the July term, 1853, of the Gallatin Circuit Court.

The opinion states the case.

Freeman and Wingate, for appellants.

J. A. McClernand, for appellee.

Treat, C. J. This was an action of replevin brought by Herod and Colvard against Seaton, to recover the possession of a horse. The pleas put in issue the right of the plaintiffs to the property. The cause was heard by the court. The plaintiffs introduced the following evidence, and then closed their case. 1. A transcript from the docket of a justice of the peace, showing a judgment in favor of Hudson against Layton, and

an assignment thereof to the plaintiffs.  2.  An execution issued on the judgment, which was returned satisfied by the sale of a horse to the plaintiffs.  3.  The constable testified, that he levied the execution on the horse in question, and allowed Layton to retain him till the day of sale; the plaintiffs purchased the horse at the sale, but the horse was not then present, nor was he in the possession of the witness.  The court, on the motion of the defendant, excluded the judgment, on the ground that the justice had no jurisdiction of the parties; and then found the issues for the defendant, and rendered judgment in his favor.

We do not deem it necessary to inquire whether the court properly excluded the judgment.  Even if it was admissible in evidence, the plaintiffs were not entitled to recover.  They failed to substantiate their claim of title.  The sale of the horse by the constable was illegal and void.  In the sale of personal property on execution, the property itself must be present. Bidders should have an opportunity of inspecting the goods, and forming an estimate of their value.  This is the only way to secure fairness and competition at public sales.  It is necessary to protect the rights of both debtor and creditor.  It should also be in the power of the officer to deliver the property forthwith to the purchaser.  Linnendoll *v.* Doe, 14 Johns. 222; Sheldon *v.* Soper, Ib. 352; Cusson *v.* Stout, 17 Ib. 116; Ainsworth *v.* Greenlee, 3 Murphy, 470; Blanton *v.* Morrow, 7 Ired. Eq. 47.

The judgment is affirmed.

*Judgment affirmed.*